**LAMONICA HERBST & MANISCALCO, LLP**                    Hearing Date: May 11, 2011 at 10:00 a.m.
3305 Jerusalem Avenue                                                   Objections Due: May 4, 2011 by 12:00 p.m.
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.
Holly Rai, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

In re:                                                          Chapter 7

ROBERT CALDICOTT,                                              Case No.: 08-11975-SHL

                    Debtor.

--------------------------------------------------------------x

**NOTICE OF HEARING ON THE TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019(a) SEEKING THE ENTRY OF AN ORDER APPROVING THE STIPULATION (I) PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY; (II) AUTHORIZING THE TRUSTEE TO ISSUE A DEED IN LIEU OF FORECLOSURE TO EMC MORTGAGE, f/k/a WASHINGTON MUTUAL, K/K/A JP MORGAN CHASE; AND (III) DISALLOWING CLAIM 5 AGAINST THE DEBTOR'S ESTATE**

      **PLEASE TAKE NOTICE,** that on **May 11, 2011 at 10:00 a.m.**, a hearing shall be held before the Honorable Sean H. Lane in Courtroom 701 at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, on the annexed motion (the "Motion") of Gregory Messer, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Robert Caldicott, by his attorneys, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order approving the stipulation (a copy of which is Exhibit "A" to Motion): (I) providing for limited relief from the automatic stay; and (II) authorizing the Trustee to issue a deed in lieu of foreclosure to EMC Mortgage, f/k/a Washington Mutual, k/k/a JP Morgan Chase; and (III) disallowing Claim 5 against the Debtor's estate.

      **PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Sean H. Lane in Courtroom 701 at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Holly Rai, Esq., 3305 Jerusalem Avenue, Wantagh, New York 11793, no later than **May 4, 2011 by 12:00 p.m.,** which is seven (7) days prior to the return date on the Motion, as follows: (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 473), which may be accessed through the internet at the Bankruptcy Court's website at www.nysb.uscourts.gov; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing on the Motion may be adjourned from time to time without any other announcement other than as set forth in open Court.

Dated: April 15, 2011
Wantagh, New York       **LAMONICA HERBST & MANISCALCO, LLP**
Counsel to Gregory Messer, Esq., as the Chapter 7 Trustee

By:     *s/ Joseph S. Maniscalco*
Joseph S. Maniscalco
A Member of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500

**LAMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.
Holly Rai, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:                                                    Chapter 7

ROBERT CALDICOTT,                                         Case No.: 08-11975-SHL

              Debtor.

----------------------------------------------------------------x

**TRUSTEE'S MOTION UNDER BANKRUPTCY RULE 9019(a) SEEKING THE ENTRY OF AN
ORDER APPROVING THE STIPULATION (I) PROVIDING FOR LIMITED RELIEF FROM
THE AUTOMATIC STAY; (II) AUTHORIZING THE TRUSTEE TO ISSUE A DEED IN LIEU OF
FORECLOSURE TO EMC MORTGAGE, f/k/a WASHINGTON MUTUAL, K/K/A JP MORGAN
CHASE; AND (III) DISALLOWING CLAIM 5 AGAINST THE DEBTOR'S ESTATE**

**TO:    The Honorable Sean H. Lane
       United States Bankruptcy Judge
       United States Bankruptcy Court
       Southern District of New York**

      Gregory Messer, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Robert Caldicott

(the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, hereby seeks the entry of an

Order approving the stipulation (the "Stipulation"), a copy of which is annexed as Exhibit "A": (I)

providing for limited relief from the automatic stay; and (II) authorizing the Trustee to issue a deed

in lieu of foreclosure to EMC Mortgage, f/k/a Washington Mutual, k/k/a JP Morgan Chase; and (III)

disallowing Claim 5 against the Debtor's estate, and respectfully sets forth as follows:

## BACKGROUND

**A.    The Bankruptcy Filing**

      1.      On May 27, 2008 (the "Filing Date"), the Debtor filed a voluntary petition (the

"Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

      2.      By Order of the Court dated October 1, 2008, the Debtor's case was converted to one

1

under Chapter 7 of the Bankruptcy Code.

3.    By Notice of Appointment Gregory Messer, Esq. was appointed the interim Chapter 7 Trustee. He has since duly qualified and is acting as the permanent Trustee in this case.

**B.    The Trustee's Investigation**

4.    As of the Filing Date, the Debtor had a 100% interest in the real property known as, and located at, 170 Flower Hill Road, Huntington, New York 11743 (the "Huntington Property"). As reflected on Schedule A of the Debtor's petition, the Debtor scheduled the value of his interest in the Huntington Property at $879,000.00.

5.    As of the Filing Date, the Huntington Property was encumbered by a first mortgage held by EMC Mortgage Corporation ("EMC") in the approximate amount of $818,734.65 (the "EMC Mortgage"). EMC filed a proof of claim against the Debtor's estate, designated proof of claim number 5 ("Claim 5"), as a secured claim in the amount of $818,734.65, which claim relates to the EMC Mortgage. Pursuant to a Transfer Of Claim dated January 27, 2011, Claim 5 was transferred from EMC to Marix as Servicer for EMC Mortgage Corp. ("Marix").

6.    In addition to the EMC Mortgage, the Huntington Property is encumbered by not less than four (4) judgments in the aggregate principal amount of $67,600.00, which sum excludes any applicable interest that may have accrued since their entry.

7.    The Trustee has conducted an independent investigation into the value of the Huntington Property and has determined that the fair market value of the Huntington Property is approximately $713,000.00. As such, the Trustee determined that there was no equity in the Huntington Property that could be realized through a sale for the benefit of the Debtor's estate and its creditors.

8.    The Trustee, through his counsel, contacted EMC regarding a potential sale of the

Huntington Property pursuant to section 506(c) of the Bankruptcy Code. EMC advised the Trustee, through his counsel, that they would not consent to the Trustee's sale of the Huntington Property and intended to file a motion seeking relief from the automatic stay for lack of adequate protection as to its interest in the Huntington Property.

9. Thereafter, the parties, together with their respective counsel, engaged in negotiations, which resulted in an agreement whereby this estate received value in exchange for the surrender of the Huntington Property to the secured creditor. The settlement was the result of an extensive arms'-length negotiation between the parties.

## THE SETTLEMENT

10. As set forth in the Stipulation, EMC shall pay, or cause to be paid, to the Trustee the sum of twenty-five thousand dollars ($25,000.00), which shall be held in escrow by the Trustee until an Order approving the Stipulation becomes a final order.

11. When an Order approving the Stipulation becomes a final order, the automatic stay in effect pursuant to section 362(a) of the Bankruptcy Code shall be terminated pursuant to section 362(d)(1) of the Bankruptcy Code for lack of adequate protection as to EMC, its agents, assigns or successors in interest, so that EMC, its agents, assigns or successors in interest, may take any and all action under applicable state law to exercise its remedies against the Huntington Property.

12. In addition, the Stipulation provides that the Trustee shall be authorized to: (a) transfer the estate's interest in the Huntington Property to EMC or its agents, assigns or successors in interest; and (b) execute and deliver a quitclaim deed in lieu of foreclosure, along with any and all related documents necessary to effectuate the transfer of the Huntington Property to EMC or its agents, assigns or successors in interest. All applicable transfer or recording taxes, if any, with respect to the transfer of the estate's interest in the Huntington Property from the Trustee to EMC or its agents,

3

assigns or successors in interest, shall be paid by EMC or its agents, assigns or successors in interest.

13.     Finally, the Stipulation provides that Claim 5 shall be disallowed.

14.     The above is intended to be only a summary of the more salient terms of the Stipulation. Reference is made to the Stipulation that is Exhibit "A" for its complete terms and conditions. All parties are encouraged to review the precise terms of the Stipulation.

## BASIS FOR RELIEF REQUESTED

15.     By this Motion, pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019(a), the Trustee seeks approval of the Stipulation as being fair and equitable and in the best interests of the Debtor's estate. The Trustee believes that the settlement falls well above the lowest level of reasonableness and urges this Court to approve the Stipulation.

16.     Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which applies to the approval of compromises and settlements, provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."  In deciding whether to approve a settlement, "a bankruptcy court must determine whether the compromise is reasonable," Saccurato v. Masters, Inc. (In re Masters, Inc.), 149 B.R. 289, 292 (Bankr. E.D.N.Y. 1992), and whether the compromise is "'fair and reasonable' and 'in the best interests of the estate'". In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968), reh. denied, 391 U.S. 909 (1968)).

17.     The Court may consider such factors as: (i) the likelihood of success in the litigation compared to the present and future benefits offered by the settlement; (ii) the prospect of protracted litigation if the settlement is not approved as well as the related expense, inconvenience and delay, including potential difficulty in collecting on the judgment, (iii) the "paramount interests of the

4

creditors" and the degree to which the creditors support the settlement; (iv) the nature and extent of

releases to be obtained by the officers and directors; and (v) whether the settlement was the result of

arm's length bargaining. Motorola, Inc. V. Official Comm. Of Unsecured Creditors, et al. "(In re

Iridium Operating LLC, et al.), 478 F.3d 452, 462 (2d Cir. 2007) (citing In re Worldcom, Inc., 347

B.R. 123, 137 (Bankr. S.D.N.Y. 2006); see In re Masters, Inc., 149 B.R. at 292 (citing Cosoff v.

Rodman (In re W.T. Grant Co.), 699 F. 2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983));

In re Drexel Burnham Lambert Group, Inc., 134 B.R. at 497.

18.     In assessing whether a settlement should be approved, the Court need only "canvass

the issues and see whether the settlement 'falls below the lowest point in the range of

reasonableness.'" In re Drexel Burham Lambert Group, Inc., 134 B.R. at 497 (citations omitted).  To

assess the Trustee's likelihood of success, a focus on the substantive issues is appropriate.  However,

the Court need only canvass the issues and is not required to conduct mini-trials. See, In re NV

Investors II, LLC, 2007 U.S. Dist. LEXIS 58791 (E.D.N.Y. 2007) (and cases cited therein).

19.     Here, the parties engaged in arms-length negotiations and, as a result, reached a

settlement estate's interest in the Huntington Property.

20.     As set forth above, the Trustee conducted an independent investigation into the fair

market value of the Huntington Property. Unfortunately, due to the decline in the real estate market

and current economic conditions, the fair market value of the property is substantially less than the

mortgages and liens against it. Indeed, absent EMC's consent and a "carve out" of the funds due EMC

on account of the EMC Mortgage, the Trustee was unable to liquidate the Huntington Property for this

estate and its creditors. The settlement with EMC and Marix will provide some value to this estate

from an asset that unfortunately could not be liquidated by the Trustee. Further, the settlement

resolves and disallows Claim 5, a secured proof of claim in the amount of $818,734.65. Accordingly,

5

the Trustee submits that the Stipulation is reasonable and recommends its approval.

21. This Motion will be served with a Notice of Hearing by first class mail upon: (a) EMC, through its counsel; (b) Marix, through its counsel; (c) the Office of the United States Trustee; (d) any party in interest that has filed a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002; (e) applicable taxing authorities; and (f) all of the creditors listed on the schedules and claims register.

22. No previous application for the relief requested herein has been made to this or any other Court.

23. Based upon the foregoing, the Trustee respectfully requests that the Court authorize and approve the Stipulation.

**WHEREFORE,** for the reasons stated above, the Trustee respectfully requests that this Court grant the relief requested herein, and for such other, further and different relief as this Court deems just and proper.

Dated: April 15, 2011
      Wantagh, New York      **LAMONICA HERBST & MANISCALCO, LLP**
                            Counsel to Gregory Messer, Esq., as the Chapter 7 Trustee

                By:     *s/ Joseph S. Maniscalco*
                         Joseph S. Maniscalco
                         A Member of the Firm
                         3305 Jerusalem Avenue
                         Wantagh, New York 11793
                         Telephone: (516) 826-6500

*M:\Documents\Company\Cases\Caldicott, Robert\NOM and 9019 Motion re Huntington.wpd*